## PRESCRIPTIVE RIGHT IN A ROADWAY WHICH HAS SHIFTED.

### Circuit Court of Richland County.

### C. C. STAMAN v. LEWIS BALLIETT.

Decided, January 25, 1911.

*Adverse Possession—Prescriptive Right-of-way Along the Banks of a Stream Passes by Devise or by Conveyance—Shift of Roadway in Conformity to the Shift of the Adjacent Stream Does Not Defeat the Prescriptive Right—Ingress and Egress—Water and Water-Courses.*

1. A party who uses a road or way as a means of ingress or egress to his own land, without let or hindrance over the lands of another and without obstruction for a period of twenty-one years, acquires a right by prescription to its use as an incident to his land, and the right will pass by conveyance or by devise of the land.

2. A prescriptive right to the use of a road or way over the lands of another along the banks of a stream as a means of ingress and egress, is not lost, modified, or affected by reason of a shift in the traveled road or way within a period of less than twenty-one years, where such shift in the traveled road or way was due to a like shift in the bed or bank of said stream, and no more land was used after said shift than was necessary if the use of said way was to be continued as a means of ingress and egress; but in such a case the traveled road or way lawfully shifts with the bed and bank of the stream.

*C. H. Workman,* for plaintiff.
*C. H. Huston,* for defendant.

PER CURIAM (TAGGART, DONAHUE AND VOORHEES, JJ.).

Appeal from common pleas court.

This cause is in this court by appeal from the court of common pleas. The controversy between the parties arises from an alleged right of way leading from a public road in this county, known as the Wooster road, and leading from the village of

Mifflin, Ashland county, Ohio, westward across the Blackford or the Richland county line.

The alleged way is about thirty rods long and is claimed to be about ten to fifteen feet in width, and is claimed as a means of ingress and egress from this highway to a portion of the plaintiff's premises. The plaintiff complains of the defendant that he wrongfully barred this way by a fence and posts preventing him from at all times passing and repassing over the alleged way, and he prays for an injunction requiring the removal of said fence and from interfering with the plaintiff in the use of the way. It is the claim of the plaintiff that he has been in peaceable occupation of this way for a period of time that would give him a prescriptive right thereto.

The answer of the defendant in respect to the material allegations of the plaintiff's cause of action are a denial, and he further avers that, in consequence of plaintiff's straightening the stream to the north of the alleged right-of-way, the channel of the stream was changed and that a portion of the claimed driveway was washed away, and that there is not sufficient room to drive between the fence, which he avers was to the west of the bank of said creek, and the bank of the creek; he further avers that the plaintiff has other means of ingress and egress to his said premises which, through his own fault, was interfered with, and that he has no prescriptive right to said alleged way. This was denied and on these issues the case was presented to the court on the pleadings and evidence.

On behalf of the plaintiff there were certain witnesses introduced who testified directly to the fact of the way leading from the Wooster road to the eighty-nine acre tract of land to which it is claimed this way is a means of ingress and egress. These witnesses testified that for a great many years the way was used and they testified that they used it, so that considerable credence must be given to the witness who testified distinctly and affirmatively to facts which they themselves were cognizant of.

Much of the testimony introduced on behalf of the defendant is that there was no such way, and that they had the means of knowing, but we think the clear weight of the testimony in this case is to the fact that there was a traveled way substantially upon the line claimed by the plaintiff in his petition, and that it

was used and intended as a means of ingress and egress to this eighty-nine acres of land.

In addition to the affirmative testimony on behalf of the plaintiff, a number of witnesses on behalf of the defendant testified that the plaintiff did use the disputed way in the summer of 1884 and each and every year since that date, up to the time that he was interfered with by the defendant. This would be a sufficient mite to give the plaintiff a right to use this way under the doctrine of prescription, unless the same was by permission. The defendant undertakes to say that the use of this was merely permissible and that before and while attempting to use it, he had sought the defendant out and secured his permission so to do. But this is denied by the plaintiff, and if in view of the testimony that is introduced in this case that prior to this alleged permissive use it was a matter of right, we think that the weight of the testimony is with the plaintiff in this case.

We perhaps would not need to introduce any authority supporting this proposition of the right of relief to the plaintiff further than the case of *Pavey* v. *Vance,* 56 Ohio St., 162, but it is insisted that the proof in this case shows from the fences and the remains of fences that have been dug up since, that the present traveled way has been changed, and that in consequence of the straightening of the stream to the north of the property in dispute, the traveled way has been so far interfered with that the plaintiff can not now claim the use of the same, and that, in the event that he attempted to pass and repass there, he could not pass within the boundaries of the former right-of-way, in consequence of a portion of the same being washed away by the stream.

But we think that *Pomeroy* v. *Salt Co.,* 37 Ohio St., 520, 523, and the case of *Holtsberry* v. *Bounds,* 9 C.C.(N.S.), 510, answers this question. This latter case was affirmed by the Supreme Court without opinion, *Bounds* v. *Holtzberry,* 75 Ohio St., 636.

In the latter case, the right-of-way was shifted in many places, but a decree was entered confining the party to the width of the road or way as it formerly existed.

A decree may be entered herein for the plaintiff, enjoining the defendant from interfering with him in the use of this way,

and a judgment may be entered for costs. Motion for a new trial will be overruled with exceptions, and twenty days allowed for separate findings of fact and conclusions of law.